IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| BILLY MATTHEWS PRODUCTION, LLC, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-1015-D ) |
| OKLAHOMA ENERGY ACQUISITIONS, LP | ) ) ) |
| Defendant. | ) |

## **O R D E R**

Upon examination of the Notice of Removal, the Court finds insufficient allegations to establish the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a), as asserted by Defendant.[1] Defendant states it is a Texas limited partnership with a principal place of business in Texas and that Plaintiff is an Oklahoma limited liability company with its principal place of business in Oklahoma. Plaintiff's pleading contains similar allegations.

For purposes of determining citizenship, a limited partnership is not treated like a corporation under § 1332(c)(1). A partnership has the citizenship of all partners, including limited partners. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). Similarly, a limited liability company is treated like an unincorporated association under *Carden*, and has the citizenship of all members. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*,781

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp*., 546 U.S. 500 506 (2006).

F.3d 1233, 1237-38 (10th Cir. 2015); *see also Mgmt. Nominees, Inc. v. Alderney Inv., LLC*, 813 F.3d 1321, 1322 (10th Cir. 2016).

Neither the Notice of Removal nor the petition identifies Defendant's partners or Plaintiff's members. No allegations regarding the citizenship of Defendant's partners or Plaintiff's members are stated. Therefore, Defendant has failed to demonstrate diversity of citizenship between the parties or to establish a basis of federal jurisdiction.[2]

IT IS THEREFORE ORDERED that Defendant is directed to file an amended notice of removal within 14 days of this date to cure the deficiency identified in this Order.[3]

IT IS SO ORDERED this 7th day of September, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Defendant has also filed a Corporate Disclosure Statement [Doc. No. 5], which does not comply with LCvR7.1.1. It does not sufficiently identify the citizenship of all partners, which include limited liability companies and limited partnerships. In this situation, the constituent members and partners must be identified. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well").

[3] Defendant need not re-file the exhibits attached to the Notice of Removal but may incorporate them by reference pursuant to Fed. R. Civ. P. 10(c).